1  Robert L. Parker, Ph.D.
2  5468 Collier Avenue
   San Diego, CA 92115
3  505-554-6507
   RobertLewisParker@gmail.com
4
5  Plaintiff in pro per

**FILED**
May 16 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ GloriaVocal   DEPUTY

# UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'25CV1214 BAS DEB

ROBERT L. PARKER, PH.D.

    Plaintiff,

v.

JONATHAN HUDON-HUNEAULT, DOES 1-50

    Defendants.

Case No. unassigned

**CIVIL COMPLAINT FOR:**

1) **COPYRIGHT VIOLATION**
2) **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**
3) **CALIFORNIA UCL**

## I. THE PARTIES

1. Plaintiff **Robert L. Parker** is an individual residing in San Diego, California.

2. Defendant **Jonathan Hudon-Huneault** is an individual residing at 99 Wall Street, New York, NY 10005, United States. Defendant Hudon-Huneault operates a YouTube channel under the name "**Frauditor Troll**" (hereinafter "Defendant Frauditor Troll"). Defendant Frauditor Troll is responsible for the infringing acts described herein.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this is a civil action arising under the Copyright Act of the United States, 17 U.S.C. § 101 et seq. This Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant Jonathan Hudon-Huneault (Frauditor Troll) because Defendant Frauditor Troll's YouTube channel routinely engages in activities directly targeting residents and communities within California. Specifically, Defendant Frauditor Troll's content degrades the activities of First Amendment Auditors operating within California, thereby establishing sufficient minimum contacts with this State to subject Defendant Hudon-Huneault to the jurisdiction of this Court.

5. Venue is proper in the U.S. District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events giving rise to the claim occurred in this district, as Plaintiff's copyrighted work was created and published on YouTube while Plaintiff was in California, and Defendant's infringing activities are directed at or impact individuals and content originating from this judicial district.

## III. FACTUAL BACKGROUND

6. Plaintiff Robert L. Parker is the sole author and owner of a highly original and exclusive news article (hereinafter, "the Copyrighted Work"). This Copyrighted Work was initially published on the YouTube channel **"Talking Travis"** on **April 26, 2024**, and subsequently revised on **April 27, 2024**. The **April 27, 2024, revision** is the specific subject of the copyright violation alleged herein. The Copyrighted Work was created and

published while Plaintiff was located in California, and it featured an exclusive story previously unreported by any other news outlet or publication. The Copyrighted Work exemplifies Plaintiff's unique journalistic skills, including original research, creative expression, and distinctive narrative structure, rendering it a protected work of authorship under U.S. copyright law.

7. Plaintiff has completed a formal registration of the Copyrighted Work with the U.S. Copyright Office, thereby fulfilling the statutory prerequisite for filing this civil action. A copy of the Copyright Office Certificate of Registration will be provided upon its issuance and/or discovery.

8. On or about **May 1, 2025**, Defendant Jonathan Hudon-Huneault, operating the "Frauditor Troll" YouTube channel, created and published a video that directly infringed upon Plaintiff's Copyrighted Work. Specifically, Defendant's video prominently featured the entirety of Plaintiff's Copyrighted Work by focusing the camera on the printed text of the article and, without authorization or attribution to Plaintiff, proceeded to read the entire article aloud to its audience.

9. Defendant Hudon-Huneault then published this video as its own "news," further compounding the infringement by adding disparaging remarks directed at the author, thereby suggesting that the content was either Defendant's original reporting or presented in a derogatory context without Plaintiff's permission. This unauthorized act constitutes direct infringement of Plaintiff's exclusive rights under copyright law, including but not limited to the rights of reproduction, public display, public performance, and distribution of the Copyrighted Work.

10. Following the discovery of Defendant's infringing video, Plaintiff duly filed a copyright strike with YouTube regarding the infringing content. On **May 2, 2025**, Defendant Jonathan Hudon-Huneault filed a counter-

notification with YouTube in response to Plaintiff's copyright strike. In full compliance with the 10-business-day deadline for responding to a counter-notification as governed by the Digital Millennium Copyright Act (DMCA), specifically Section 512(g)(2)(C), Plaintiff is filing this Complaint on **May 16, 2025**, seeking a court order to restrain Defendant's infringing activity.

11. In response to the counter-notification and prior to the filing of this Complaint, Plaintiff emailed Defendant stating, "I'm having a hard time constructing any reasonable perspective that your re-publication of my exclusive news article could possibly be viewed as Fair Use." Defendant responded with a series of emails, including, but not limited to: "Honestly you are one of the most retarded person I have ever dealt with. This is the exact same scenario as if a newspaper sued a YouTuber for reading their online articles. Don't worry I'm in contact with my YouTube rep so they can investigate this incredible abuse of the copyright system. I will make sure you are held accountable for violating copyright law and harming my business. Check Smith v Summit entertainment. You will be held personally liable." Defendant further emailed, "You are a very sad individual, risking legal penalties just to get a video removed for 2 weeks. I have rarely seen someone so braindead as you. Enjoy staying irrelevant and useless." These communications demonstrate Defendant's intent to intimidate Plaintiff, to unlawfully interfere with Plaintiff's business and professional reputation, and to discourage Plaintiff from enforcing his legitimate copyright interests.

## IV. CAUSES OF ACTION

**COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 et seq.)**

12. Plaintiff incorporates by reference all paragraphs set forth above as though fully set forth herein.
13. Plaintiff Robert L. Parker is the owner of a valid and properly registered copyright in the Copyrighted Work, as evidenced by his ownership of the work and the registration with the U.S. Copyright Office as alleged in paragraph 7.
14. Defendant Jonathan Hudon-Huneault (Frauditor Troll) copied, reproduced, publicly displayed, publicly performed, and/or distributed substantial, protected portions of Plaintiff's Copyrighted Work, specifically by focusing a camera on the printed text of the article, reading the entire article aloud, and publishing this video content on the "Frauditor Troll" YouTube channel, all without Plaintiff's authorization or consent.
15. Defendant's actions constitute direct infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106.
16. As a direct and proximate result of Defendant's copyright infringement, Plaintiff has suffered and will continue to suffer damages, including but not limited to, actual damages, Defendant's profits attributable to the infringement, and/or statutory damages, as well as attorney's fees and costs, as provided by 17 U.S.C. §§ 504 and 505.

**COUNT II: INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

17. Plaintiff incorporates by reference all paragraphs set forth above as though fully set forth herein.
18. At all relevant times, Plaintiff Robert L. Parker maintained an economic relationship with his audience and potential business partners through the publication of original news content on his YouTube channel "Talking Travis," from which Plaintiff reasonably expected to realize future

economic benefit, including but not limited to, viewership, subscription growth, and advertising revenue.

19. Defendant Jonathan Hudon-Huneault (Frauditor Troll) had knowledge of this economic relationship and Plaintiff's reasonable expectation of future economic benefit.

20. Defendant Hudon-Huneault intentionally engaged in acts designed to disrupt the economic relationship between Plaintiff and his audience and to prevent Plaintiff from realizing prospective economic advantage. These acts include, but are not limited to, the unauthorized reproduction, public display, public performance, and distribution of Plaintiff's exclusive Copyrighted Work, and the subsequent aggressive and disparaging email communications detailed in paragraph 11, which were intended to intimidate Plaintiff and harm his business and professional reputation.

21. Defendant Hudon-Huneault's acts, including the copyright infringement, were independently wrongful and unlawful.

22. As a direct and proximate result of Defendant Hudon-Huneault's intentional and wrongful interference, Plaintiff has suffered, and continues to suffer, actual disruption to his economic relationship and damages, including but not limited to, lost viewership, lost revenue, and harm to his professional reputation and future business opportunities, in an amount to be proven at trial.

**COUNT III: VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200 ET SEQ.)**

23. Plaintiff incorporates by reference all paragraphs set forth above as though fully set forth herein.

24. At all relevant times, Defendant Jonathan Hudon-Huneault engaged in business acts and practices in California within the meaning of California Business & Professions Code § 17200 et seq.

25. Defendant Hudon-Huneault's conduct, as described herein, constitutes "unlawful," "unfair," and/or "fraudulent" business acts or practices under California Business & Professions Code § 17200 et seq.

26. Defendant's acts are "unlawful" by virtue of their direct infringement of Plaintiff's federal copyright under 17 U.S.C. § 101 et seq.

27. Defendant's acts are "unfair" because, among other things, they are oppressive, unethical, and harmful to Plaintiff's business and reputation, and the gravity of the conduct outweighs any legitimate justification. This includes, but is not limited to, the unauthorized exploitation of Plaintiff's original journalistic work for Defendant's own gain, and the malicious and intimidating communications aimed at thwarting Plaintiff's lawful enforcement of his intellectual property rights and undermining his business.

28. Defendant's acts are "fraudulent" in that they involved false or misleading statements regarding Plaintiff's alleged "abuse of the copyright system" and implied that Plaintiff's legitimate copyright enforcement was a violation of law, all with the intent to mislead YouTube and the public and to harm Plaintiff's business interests.

29. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent business acts and practices, Plaintiff has suffered injury in fact and lost money or property, including loss of rightful economic benefits from the Copyrighted Work and harm to business reputation, thereby entitling Plaintiff to appropriate relief under Business & Professions Code § 17203, including injunctive relief and restitution.

## V. DAMAGES

30. Plaintiff incorporates by reference all paragraphs set forth above as though fully set forth herein.

31. As a direct and proximate result of Defendant Jonathan Hudon-Huneault's infringing activities and other wrongful conduct, Plaintiff Robert L. Parker has suffered and continues to suffer significant monetary damages, the full extent of which are not yet precisely ascertainable but are in no case less than **$5,000**.

32. Plaintiff Robert L. Parker operates YouTube channels primarily for social good, dedicated to aiding individuals, particularly First Amendment Auditors, in understanding the legalities surrounding their activities.

33. In addition to his YouTube endeavors, Plaintiff is professionally trained as a paralegal and works in that capacity, regularly performing pro bono and low-cost legal assistance. This includes, but is not limited to, providing aid to individuals such as **Travis Heinze**, who was the subject of the copyrighted news article central to this complaint.

34. Defendant's actions have directly and substantially damaged Plaintiff's ability to effectively communicate with and reach persons who could benefit from Plaintiff's pro bono and low-cost paralegal work, thereby undermining Plaintiff's efforts to contribute to the public good and serve vulnerable communities.

**DOE DEFENDANTS:**

All allegations above are equally asserted against unknown DOE Defendants.

Dated:    May 16, 2025

Respectfully submitted,

Robert L. Parker, Ph.D.

_____

Robert L. Parker